[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11008
Non-Argument Calendar

_____

D.C. Docket No. 7:19-cv-00166-HL-TQL


JAMES HUNTER POOLE,

Plaintiff-Appellant,

versus

R. CARLTON POWELL,
RON JAMES,
STEVE JONES,
VIRGINIA WILLIAMS,
BRIAN METCALF, et al.,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(March 8, 2021)

Before JILL PRYOR, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

James Hunter Poole filed a pro se complaint against dozens of individual defendants alleging a wide range of civil rights violations during his incarceration. He claims that the defendants violated his constitutional rights by denying him food, water, adequate medical care, and access to a toilet, sexually abusing him, using excessive force against him, and retaliating against him. In compliance with the Prison Litigation Reform Act, a magistrate judge screened Poole's original complaint and ordered him to recast his complaint with greater specificity. The magistrate judge instructed Poole to "tell the Court exactly how each individual violated his constitutional rights, including (1) what each defendant did (or failed to do) in violation of his rights; (2) when and where each action occurred; and (3) how Plaintiff was injured as a result of each defendant's actions." But Poole's recast complaint barely improved on his first.

In a thorough report and recommendation (R&R), the magistrate judge addressed each of Poole's claims and recommended that each be dismissed without prejudice. For most claims, he recommended dismissal based on Poole's conclusory allegations. For instance, Poole challenged his conditions of confinement, but the complaint did not "provide information about when the alleged denials" of food, water, and access to a toilet "took place, for how long

2

Plaintiff was denied necessities, or how the denial harmed Plaintiff." He recommended dismissal of other claims, such as Poole's constitutional challenge to the defendants' verbal harassment, for failure to state a claim.

At the end of the R&R, the magistrate judge informed Poole that he may "file written objections" to the magistrate judge's findings within 14 days. But he warned that failure "to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made." Poole never filed written objections. So nearly a month later, the district court accepted and adopted the R&R and dismissed the complaint without prejudice. Poole now appeals that dismissal.

Because he failed to object to the magistrate judge's report and recommendation, Poole has waived his right to appeal the district court's dismissal. Under 28 U.S.C. § 636(b)(1), "any party may serve and file written objections" to a magistrate judge's proposed findings and recommendations within 14 days of being served with the R&R. The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). But under our Circuit's rules, a party who fails to object to a magistrate judge's R&R "waives the right to challenge on appeal the district court's order based on unobjected-to

factual and legal conclusions." 11th Cir. R. 3-1. Still, even without "proper objection," we "may review on appeal for plain error if necessary in the interests of justice." *Id.*

Nowhere in his appellate brief does Poole assert that he did, in fact, file objections to the magistrate judge's R&R. Instead, he argues only the merits of his case. Since he never filed objections and the magistrate judge warned him of "all of the consequences on appeal for failing to object," he has waived his challenge to the dismissal order. *See Harrigan v. Metro Dade Police Dep't Station #4*, 977 F.3d 1185, 1192 (11th Cir. 2020) (quotation omitted).

Though we may still review the order for plain error, Poole does not argue that review is "necessary in the interests of justice." *See* 11th Cir. R. 3-1. Indeed, his brief never acknowledges the magistrate judge's R&R, much less argues that we should review his arguments despite his failure to object. We will not consider an argument that he has so obviously abandoned.[1] *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (noting that "issues not briefed on appeal by a *pro se* litigant are deemed abandoned").

**AFFIRMED.**

---

[1] Even if Poole had not abandoned this argument, we have found nothing in the record that suggests that plain error review is in the interest of justice here. Plain error review "rarely applies in civil cases." *Ledford v. Peeples*, 657 F.3d 1222, 1258 (11th Cir. 2011). And here, Poole's complaint was dismissed without prejudice, so he remains free to try again with a new complaint that contains clear factual allegations against specific defendants, as required by Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure.